**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-1449**

LAURA LORENZEN; THOMAS LORENZEN; S.L., a minor, by parent
and next friend, Thomas Lorenzen and Laura Lorenzen,

Plaintiffs – Appellees,

v.

MONTGOMERY COUNTY BOARD OF EDUCATION; JERRY D. WEAST,
(officially as) Superintendent, Montgomery County Public
Schools,

Defendants – Appellants.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.   Alexander Williams, Jr., District
Judge.  (8:07-cv-02405-AW)

Argued:  September 22, 2010          Decided:  December 7, 2010

Before MOTZ and SHEDD, Circuit Judges, and Mark S. DAVIS, United
States District Judge for the Eastern District of Virginia,
sitting by designation.

Vacated and remanded by unpublished opinion.  Judge Shedd wrote
the opinion, in which Judge Motz and Judge Davis joined.

**ARGUED:** Jeffrey A. Krew, JEFFREY A. KREW, LLC, Ellicott City,
Maryland, for Appellants.   Michael Eig, MICHAEL J. EIG &
ASSOCIATES, PC, Chevy Chase, Maryland, for Appellees. **ON BRIEF:**
Paula A. Rosenstock, MICHAEL J. EIG & ASSOCIATES, PC, Chevy
Chase, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

S.L. and her parents, Thomas and Laura Lorenzen (the "Lorenzens"), sued the Montgomery County Board of Education and its Superintendent, Jerry D. Weast (collectively "MCPS"), under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et seq. ("IDEA"). The district court granted summary judgment in favor of the Lorenzens. MCPS now appeals. For the following reasons, we vacate the district court's order and remand the case for further proceedings.

I.

S.L. is an autistic student who is eligible for special education services under the IDEA. Pursuant to the IDEA, MCPS prepared an Individualized Education Program ("IEP") dated July 18, 2006, for S.L. for the 2006-2007 school year. MCPS subsequently drafted a second IEP for S.L. dated November 14, 2006. This second IEP amended the earlier IEP to include occupational therapy and physical therapy goals and objectives for S.L., but both IEPs proposed placing S.L. at the Learning Center at Strathmore Elementary School ("Strathmore"). The Lorenzens objected to both IEPs and elected to enroll S.L. in Kingsbury Day School ("Kingsbury"), a private special education school, for the 2006-2007 school year. On January 26, 2007, the Lorenzens filed a request for a due process hearing seeking

3

tuition reimbursement for the cost of enrolling S.L. in Kingsbury.

After a due process hearing, an Administrative Law Judge ("ALJ") concluded the July 18 IEP violated IDEA procedural requirements and denied S.L. a free appropriate public education ("FAPE") during the first semester of 2006. However, the ALJ also found the amended November 14 IEP was reasonably calculated to provide S.L. a FAPE for the remainder of the 2006-2007 school year. Therefore, the ALJ awarded the Lorenzens tuition reimbursement for the first semester of the 2006-2007 school year but declined to award tuition reimbursement for the second semester.

On September 11, 2007, the Lorenzens filed this action in district court seeking review of the ALJ's decision, and both parties moved for summary judgment. In their supporting memoranda, the Lorenzens asked the district court to consider "additional evidence"[1] that was not a part of the administrative record and that had not been considered by the ALJ. This "evidence"[2] is that on July 24, 2007, three months after the

---

[1] In an action brought under the IDEA, the district court "shall hear additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(C)(ii).

[2] There was no presentation of additional evidence. The Lorenzens simply made this assertion in their memoranda.

completion of the due process hearing, the MCPS IEP team determined that Strathmore was no longer an appropriate placement for S.L.

The Lorenzens characterized the new placement in the July 24 IEP as a "striking reversal" of MCPS's previous litigation position regarding the appropriateness of the Strathmore placement. According to the Lorenzens, the three different IEP teams made their placement determinations based on the same information regarding S.L.'s educational needs, but there had been no change in S.L.'s needs between November 2006 and July 2007 that would account for the differences in the proposed IEPs. Thus, the Lorenzens contended that the reversal by MCPS constituted an after-the-fact admission by MCPS that Strathmore was not an appropriate placement for S.L. during the 2006-2007 school year. Therefore, the Lorenzens argued, the November 14 IEP, which proposed that S.L. be placed at Strathmore, could not have been reasonably calculated to provide S.L. a FAPE during the second semester of 2006-2007.

In response, MCPS filed a memorandum that included evidence in the form of a sworn Affidavit of Virginia Ross, a special education supervisor for MCPS. In her affidavit, Ross stated, among other things, that she was a member of the IEP team that met on July 24, 2007; that the team concluded S.L.'s "special education needs had changed during the 2006-2007 school year;"

5

and that the team "determined [S.L.'s] needs could no longer be met at Strathmore" for the 2007–2008 school year. J.A. 242-44.

In light of what it considered to be MCPS's voluntary reversal of its position shortly after the administrative hearing, the district court found the November 14 IEP was not reasonably calculated to provide educational benefit to S.L. and therefore had denied S.L. a FAPE. Accordingly, the district court granted summary judgment in favor of the Lorenzens and awarded the Lorenzens tuition reimbursement for both the first and second semesters of the 2006-2007 school year.[3] MCPS appealed.

## II.

"[W]e review de novo the district court's award of summary judgment, viewing the facts and the reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant

---

[3] The district court affirmed the ALJ's determination that MCPS denied S.L. a FAPE during the first semester of the 2006-2007 school year and awarded the Lorenzens tuition reimbursement for that semester. MCPS does not appeal that portion of the district court's ruling.

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

On appeal, MCPS does not dispute that the July 24, 2007 IEP team changed S.L.'s recommended placement. Rather, MCPS contends there is a genuine dispute as to the material facts related to why the MCPS IEP team changed S.L.'s placement in July 2007 and whether the change was relevant to S.L.'s placement during the 2006-2007 school year. We agree.

In support of their motion for summary judgment, the Lorenzens asserted that S.L.'s needs had not changed from November 2006 to July 2007 and that MCPS's reversal in July 2007 was therefore a relevant subsequent event with regard to the appropriateness of S.L.'s placement during the 2006-2007 school year. However, regardless of the truth or relevance of these assertions, they do not constitute admissible evidence for purposes of summary judgment.[4]

In contrast, the affidavit submitted by MCPS in response to the Lorenzens' assertions is admissible evidence. As such, Ross's affidavit states the July 24 IEP team determined that

---

[4] The Lorenzens' supporting memoranda sought to explain the "additional evidence" and to respond to Ross's affidavit. However, the Lorenzens did not testify under oath or submit any affidavits or discovery, nor does their supporting memoranda constitute "pleadings" for purposes of summary judgment under Rule 56(c). See Fed. R. Civ. P. 7(a).

7

S.L.'s special needs had changed during the 2006-2007 school year and that S.L.'s needs could no longer be met at Strathmore. Ross's affidavit clearly indicates the July 24 IEP dealt prospectively with S.L.'s needs for the then-upcoming 2007-2008 school year. Nothing in the affidavit indicates the July 24 placement decision was an admission by MCPS that Strathmore was not an appropriate placement for S.L. for the 2006-2007 school year; in fact, the affidavit asserts that the 2007-2008 determination "in no way indicated that the team believed that Kingsbury Day School was an appropriate placement for the Student." J.A. 244. The Lorenzens offered no admissible evidence to refute Ross's affidavit.

When viewed in the light most favorable to MCPS, the only reasonable inference to be drawn from Ross's affidavit is that S.L.'s needs had changed during 2006-2007 in such a way as to justify a decision to change her placement for the 2007-2008 school year. Thus, at a minimum, Ross's affidavit creates a genuine issue of material fact with regard to the reasons MCPS changed S.L.'s recommended placement for 2007-2008.

In granting the Lorenzens' motion for summary judgment, the district court improperly construed the evidence in favor of the Lorenzens and erroneously concluded there was no genuine issue of material fact with regard to the reasons MCPS changed S.L.'s

placement in July 2007.[5]  In doing so, the district court erred by failing to draw all reasonable inferences from the evidence in favor of MCPS as the nonmoving party.

## III.

Based on the foregoing, we vacate the district court's grant of summary judgment in favor of the Lorenzens, and we remand to the district court for further proceedings.

VACATED AND REMANDED

---

[5] In appeals under IDEA we generally conduct a modified de novo review, giving "due weight" to the underlying administrative proceedings. Bd. of Educ. v. Rowley, 458 U.S. 176 (1982); Doyle v. Arlington County Sch. Bd., 953 F.2d 100, 103 (4th Cir. 1991).  However, our cases also indicate that when a district court hears additional evidence in an IDEA proceeding pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii), we apply a clear error standard of review.  See MM ex rel. DM v. School Dist. of Greenville County, 303 F.3d 523, 531 n.12 (4th Cir. 2002); see also County School Bd. of Henrico County, Virginia v. Z.P. ex rel. R.P., 399 F.3d 298, 309 n.7 (4th Cir. 2005) (noting IDEA cases where we sometimes apply a summary judgment standard of review and sometimes review for clear error).  Although we are reviewing the district court decision under the summary judgment standard, to the extent the district court engaged in fact finding, the district court was clearly erroneous when it determined that the new placement for 2007-2008 and Ross's affidavit (which was the only evidence in this record) were tantamount to an admission that the 2006-2007 placement for S.L. was inappropriate.

9